UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:07-CR-40-H

UNITED STATES OF AMERICA                                  PLAINTIFF

V.

TIMOTHY J. MITTS                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant Timothy J. Mitts has been indicted on charges of preparing fraudulent tax returns for seven (7) individuals, in violation of 26 U.S.C. § 7206(2). Prior to trial, the United States notified him that it would introduce at trial the testimony of some twelve (12) witnesses, including one Duane Howell, as well as over one hundred (100) tax returns prepared by Defendant for other taxpayers. Defendant has moved to exclude this evidence, largely because he believes its potential for unfair prejudice substantially outweighs its probative value. The parties have fully briefed the issue and the Court has conducted two lengthy telephonic conferences at which the parties had further opportunities to explicate their positions. Based on the information before the Court and for the reasons that follow, the Court will allow the United States to introduce this evidence at trial subject to the limitations described below.

I.

On April 18, 2007, a federal grand jury returned an indictment against Defendant, charging him with eighteen (18) counts of violating 26 U.S.C. § 7206(2), which makes anyone who:

willfully aids or assists in, or procures, counsels, or advises the preparation or

> presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document

guilty of a felony.  26 U.S.C. § 7206(2).  Specifically, the grand jury charged that Defendant prepared tax returns for seven (7) individuals that "misrepresented and under-reported taxes owed" by claiming business and partnership deductions to which those taxpayers were not entitled.  Indictment at *1.

The United States' approach to this case is relatively straightforward and uncomplicated. Largely through the testimony of Defendant's clients, the United States will attempt to prove that on each of the returns for the preparation of which Defendant has been indicted he intentionally represented that businesses or partnerships existed when he knew none did, thereby misrepresenting the tax liability of the individual taxpayers for whom the returns were prepared. The government need not show or attempt to show that any claimed deduction was improper.  It will be enough to show that the businesses and/or partnerships for which Defendant prepared returns did not actually exist.  Thus, any and all returns using deductions attributable to those businesses and/or partnerships are by definition false and fraudulent as to material matters.

A number of circuits have held in the context of 26 U.S.C. § 7206 that a "false statement is material when it hampers the IRS in verifying not only the return on which it appears but also related returns." *U.S. v. Fawaz*, 881 F.2d 259, 264 (6th Cir. 1989) (citing *U.S. v. Greenberg*, 735 F.2d 29, 31 (2d Cir. 1984)); *see also, e.g., U.S. v. Peters*, 153 F.3d 445, 461 (7th Cir. 1998).  As such, the government's theory that knowingly preparing a tax return for a non-existent entity would be a violation of 26 U.S.C. § 7206(2) seems entirely proper, given that such a return

2

unquestionably "hampers the IRS" in verifying not only the accuracy of the return itself, but also of any and all related returns.

By letters dated June 18, 2007, and July 31, 2007, the United States notified Defendant that it intended to introduce as evidence at trial the testimony of eleven (11) witnesses, as well as over one hundred (100) tax returns allegedly prepared for those witnesses by Defendant. None of these returns and no interaction between Defendant and those witnesses form the basis of the indictment. By letter dated August 6, 2007, the United States notified Defendant that it intended to call Duane Howell, a business associate of Defendant from 1987 until 1992, to testify at trial. Howell has allegedly twice pled guilty to criminal tax fraud charges, and the United States asserts that he will testify that he taught Defendant several specific fraudulent tax preparation techniques involving the creation of fictitious businesses and partnerships to reduce tax liability, that Defendant had the idea to amend his clients' prior tax returns using these techniques, and that as of 1992, Defendant was aware that these techniques were illegal. Response of the United States to Defendant's Motion *in Limine* at 2–3.

## II.

First, the Court will briefly address the government's argument that neither the testimony of Duane Howell nor the testimony and tax returns of Defendant's other clients implicate Rule 404(b) at all, since they are intrinsic to the charged offense.

The Sixth Circuit has explained that "Rule 404(b) is not implicated when the other crimes or wrongs evidence is part of a continuing pattern of illegal activity." *U.S. v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995). In *Barnes*, the court found that testimony regarding a prior drug transaction could be admitted against a defendant on trial for a different, but directly connected

drug transaction without triggering Rule 404(b), given that the prior conversation was intrinsic to the charged offense. *Id.* Similarly in a mail fraud case, statistical data related showing a physician defendant's billing for medical procedures not charged in the indictment were admissible without triggering Rule 404(b), since the data were "part of the setting and circumstances forming the basis of the charge" and "memorialized acts that were part of [the defendant's] ongoing scheme to commit mail fraud." *U.S. v. Weinstock*, 153 F.3d 272, 277–78 (6th Cir. 1998). And in criminal tax cases, introduction of other fraudulent documents created by defendants as part of overarching schemes to commit tax fraud have been admitted without triggering Rule 404(b), on the grounds that they are intrinsic to the charged tax crimes. *See, e.g., U.S. v. Peck*, 62 Fed. Appx. 561, 569 (6th Cir. 2003); *U.S. v. Tarwater*, 308 F.3d 494, 516–17 (6th Cir. 2002).

Though one could argue in good faith, as indeed the United States has, that the proffered evidence "is part of a continuing pattern of illegal activity," *Barnes*, 49 F.3d at 1149, the Court notes that in such cases as *Tarwater*, *Peck*, *Barnes*, and *Weinstock*, the disputed evidence was more clearly "inextricably intertwined," *U.S. v. Torres*, 685 F.2d 921, 924 (5th Cir. 1982), with the charged offense than is the evidence proffered here. As such the Court believes that the approach followed in *Micke*, *Daraio*, *Bok*, *Granger*, and *Ausmus* – the characterization of the prior returns prepared by Defendant as "other acts" evidence analyzed under Rule 404(b) – is most appropriate.

III.

The United States argues that the proffered evidence speaks directly to the element of willfulness, or specific intent, in the charged offense. Evidence of prior bad acts by a defendant,

4

while not admissible to show the defendant's propensity to commit the charged offense, may be admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). The rule's drafters cautioned that "no mechanical solution is offered" to determine the admissibility of such evidence, and instructed courts to determine "whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other facts appropriate for making decision[s] of this kind under Rule 403." Fed. R. Evid. 404(b) advisory committee's note.

When determining the admissibility of "other acts" evidence, the Court must consider whether: (1) the evidence is offered for a proper purpose, that is, for some purpose other than to prove character or propensity; (2) the evidence is relevant; (3) the evidence has potential for unfair prejudice which does not substantially outweigh its probative value; and (4) the court should give a limiting instruction, to ensure that the evidence is only considered for its proper purpose by the jury. *Huddleston v. United States*, 485 U.S. 681, 691–92 (1988).

A.

The United States asserts that the proffered evidence is relevant to the issues of intent, plan, and absence of mistake or accident. Response of the United States to Defendant's Motion *in Limine* at 1. The Court agrees with the United States' characterization. "[I]ntent in tax fraud cases is generally a difficult question of fact involving subjective thoughts," *Transpac Drilling Venture, 1983-2 by Dobbins v. United States*, 32 Fed. Cl. 810, 819 (Fed. Cl. 1995), and relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be

5

without the evidence," Fed. R. Evid. 401.

The testimony of Duane Howell would tend to show that Defendant was intentionally falsifying tax returns rather than being mislead by mischievous clients.  Likewise, the testimony of Defendant's other clients, as well as the introduction of their tax returns would undercut any claim of mistake or accident as to the returns for the preparation of which Defendant is charged. It will show Defendant's awareness and prior use of the specific tactics alleged in the indictment, making it significantly less likely that Defendant carried out these acts unwittingly or negligently.

Therefore the Court finds that the proffered evidence is both offered for a proper purpose and relevant.

B.

Even if it is offered for a proper purpose and is relevant, "other acts" evidence still "poses the always difficult question of whether relevant evidence of prior bad acts unfairly prejudices the jury against a defendant," *U.S. v. Stout*, 2006 WL 29227505, *1 (W.D. Ky. Oct. 12, 2006), and may be excluded:

> if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.  "Admission of such evidence is placed within the sound discretion of the trial court," *In re Beverly Hills Fire Litig.*, 695 F.2d 207, 218 (6th Cir. 1982), and factors to be considered when determining whether this discretion has been abused include "(1) whether the other act evidence was unduly prejudicial; (2) the availability of other means of proof; (3) when the other acts occurred; and (4) whether the district court gave a limiting instruction." *U.S. v.*

6

*Brown*, 147 F.3d 477, 483 (6th Cir. 1998).

Here, Defendant's specific intent may well be the most contested element of the case, and will require proof of Defendant's state of mind at the time of the offense, which as noted above is often difficult to obtain.[1]   The Court will consider the probative-prejudicial balance as to each type of proffered evidence in turn.

1.

Defendant argues that the potential for unfair prejudice from Duane Howell's testimony substantially outweighs the testimony's probative value, for two reasons.  First, Defendant argues Howell's testimony will pertain to events that are prohibitively distant in time.  Second, Defendant argues that by allowing Howell to testify, Defendant will be subject to guilt-by-association, given Howell's prior criminal record.

While the Sixth Circuit has stated that "to be admissible, evidence of defendant's prior bad acts must be substantially similar and reasonably near in time to the charged offense," *U.S. v. Wynn*, 987 F.2d 354, 357 (6th Cir. 1993), it has also explicitly stated that "there is 'no absolute maximum number of years that may separate a prior act and the offense charged.'" *U.S. v. Jones*, 403 F.3d 817, 821 (6th Cir. 2005) (citing *U.S. v. Ismail*, 756 F.2d 1253, 1260 (6th Cir. 1985), and collecting cases admitting "other acts" evidence from over ten (10) years before the charged offense).  Thus any contention that the passage of ten (10) years or more between Howell's association with Defendant and Howell's testimony at trial makes that testimony *per se* substantially more prejudicial than probative is unavailing.  To the contrary, while the passage of

---

[1]As the Sixth Circuit has noted, the prosecution's need for evidence is a "separate consideration" from the probative value of the evidence, though both considerations "weigh in favor of admission under the Rule 403 balancing test."  *U.S. v. Stout*, 509 F.3d 796, 800 (6th Cir. 2007).

time may make Howell's testimony less probative, it likely also decreases the potential for unfair prejudice, as Defendant will be able to argue more plausibly that whatever occurred during his long-ago association with Howell has no effect on the actions for which he is charged.

Defendant's second argument raises more significant concerns, given that Howell has apparently been convicted twice of criminal tax violations. Defendant's association with such an individual, when Defendant is charged with similar violations, might well raise improper inferences in jurors' minds. However, by prohibiting reference to the actual crimes for which Howell was convicted these concerns will be lessened and the potential for unfair prejudice against Defendant reduced. Accordingly, the Court will allow Howell's testimony only to the extent that the United States does not refer to the specific nature of Howell's convictions.

2.

Defendant argues that the potential for unfair prejudice from the testimony of his other clients and the introduction of their tax returns substantially outweighs the probative value of such evidence. Defendant asserts that the sheer volume of this evidence will overwhelm the evidence on the incidents for which he is actually charged, and that in addition to being cumulative it will risk confusing the issues before the jury.

The Court shares Defendant's concerns regarding the ratio of the proffered "other acts" evidence to the evidence of the charged incidents themselves, as a high ratio indeed presents the possibility of confusing the jury, wasting the jury's time, and "piling on" by presenting cumulative evidence. However, the United States assured Defendant and the Court at conference and in subsequent correspondence that this evidence will be introduced in a succinct manner, limited to showing that Defendant utilized the same techniques for these other taxpayers' returns

that he did on the charged returns.  No examination of the line-items on each return for each taxpayer should be necessary, as the United States simply wishes to elicit from these other taxpayers whether the businesses and partnerships for which Defendant prepared tax returns actually existed or not.  Such an approach is proper and relevant, as noted above, and if limited in scope and detail as just discussed, admission of this evidence is permissible under Rule 403, though the Court will reserve the right to limit the number of these witnesses and tax returns should the testimony prove to be too lengthy.

IV.

The Court's conclusions as to the admissibility of this evidence are reinforced by its reference to similar cases in which courts have applied Rule 404(b) and found evidence relating to prior tax filings admissible against defendants charged with criminal tax violations.

In *U.S. v. Daraio*, the Third Circuit affirmed a district court's admission of evidence that a defendant charged with one count of willful tax evasion had also, on occasions not charged, failed to file required tax returns.  445 F.3d 253, 263–66 (3d Cir. 2006).  Approving of the district court's limiting instruction, the court held that since the government was required to prove specific intent, the evidence was relevant, was admitted for a proper purpose, and otherwise satisfied the Rule 404(b) analysis.  *Id.; see also U.S. v. Bok*, 156 F.3d 157, 165–66 (2d Cir. 1998) (affirming admission of similar evidence in a similar case, since the evidence was "indicative of an intent to evade the tax system").  Similarly, the Sixth Circuit affirmed a district court's admission of evidence that a defendant charged with three counts of willful failure to pay taxes had also, on occasions not charged, failed to pay taxes, since the evidence demonstrated "a pattern, plan, and scheme indicating that [the charged violations were] not the result of an

9

accident, negligence, or inadvertence.  The pattern demonstrates willfulness, which was part of the government's prima facie case."  *U.S. v. Ausmus*, 774 F.2d 722, 728 (6th Cir. 1985).

Courts have also affirmed admission of "other acts" evidence under Rule 404(b) where, as here, defendants have been charged with willful preparation of fraudulent tax returns.  For example, the Seventh Circuit affirmed a district court's admission of evidence that a defendant charged with three (3) counts of willful preparation of fraudulent tax returns had also, on an occasion not charged, offered to fraudulently prepare a tax return.  *U.S. v. Micke*, 859 F.2d 473, 479 (7th Cir. 1988).  Likewise, in an unpublished opinion the Sixth Circuit affirmed a district court's admission of similar evidence as that proffered here.  *U.S. v. Granger*, 805 F.2d 1037 (6th Cir. 1986) (per curiam).  The court observed that specific intent "cannot be inferred solely from the proof of preparation of erroneous tax returns which, as claimed by [the defendant], could have been prepared based on incorrect raw data from clients or through negligence."  *Id.*

Though each of these cases naturally bears some factual distinctions from the instant case and, as this Court has noted in the past, "every evidentiary decision is dependent upon its context for relevancy and prejudice," *Stout*, 2006 WL 2927505 at *5, review of them and others confirms the Court's belief that the evidence proffered by the United States is best analyzed as "other acts" evidence under Rule 404(b) and is properly admissible under the limitations described above.

Therefore, for all these reasons and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion *in limine* is DENIED provided that the United States shall be permitted to introduce the Rule 404(b) evidence under the limited circumstances set forth in this Memorandum.

10

cc:      Counsel of Record