UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION 3:07–40–H

**FILED**

Jeffrey A. Apperson, Clerk

JUN 1 3 2008

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA                              PLAINTIFF

V.

TIMOTHY J. MITTS                                         DEFENDANT

## JURY INSTRUCTIONS

**MEMBERS OF THE JURY:**

Now that you have heard all the evidence and the argument of the attorneys, it is my duty to give you instructions regarding the law that you must follow in deciding this case.

It is your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy, prejudice, or bias for or against the defendant or the United States.  Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth from the evidence presented and to apply that truth to the legal instructions I shall give you.

You must follow the law as I explain it to you whether you agree with the law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against the defendant is not evidence of guilt.  And as

you know, the defendant has pleaded not guilty to the crime charged in the indictment. The indictment is not any evidence at all of guilt. The defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all. The United States has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a real doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt, therefore, is proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the United States has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

As I explained previously, you must decide what the facts are from the evidence that you saw and heard here in court. You may consider only the evidence that I have admitted in this case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

Now, you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it,

2

directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining. It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

You have heard testimony that the defendant committed acts other than the ones charged in the indictment. If you find the defendant did those acts, you can consider that evidence, but only as it relates to the government's claim on the defendant's intent, plan, knowledge, or absence of mistake or accident. These are the only areas for which the testimony regarding these other acts is relevant, and you must not consider it for any other purpose. Remember that the defendant is on trial here only for the crimes charged in the indictment, not for the other acts. Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

In considering the evidence you may draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which reason and common sense lead you to make.

In saying that you must consider all the evidence, I do not mean that you must necessarily accept all of the evidence as true or accurate.  You are the sole judges of the credibility or believability of each witness and the weight to be given to the testimony of each witness.

Recall that you have heard the testimony of Duane Howell.  You heard that he has plead guilty to an offense in another jurisdiction, and that the government has promised him it will consider recommending a reduction in his sentence in exchange for his truthful cooperation in this trial.  It is permissible for the government to make such a promise.  But you should consider Mr. Howell's testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by the government's promise.  Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

For that matter, in deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth?  Did he or she have any particular reason not to tell the truth?  Did he or she have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did he or she appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Remember, witnesses are not the property of either the defendant or the United States; they merely give testimony which you should consider.  Concentrate on that, not

the numbers.

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

Also, do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.

In this case, the indictment charges eighteen (18) separate offenses called "counts."  The number of counts is not evidence of guilt, and this should not influence your decision in any way.  The defendant is on trial only for the particular crimes charged in the indictment.  It is your duty to consider separately the evidence that relates to each count, and to return a separate verdict for each count.  For each count, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular count.  Your decision on one count, whether it is guilty or not guilty, should not influence your decision on the other counts.

## The Charged Offense(s)

Each count of the indictment charges that on or about a certain date, defendant Timothy Mitts willfully aided or assisted in, procured, counseled, or advised the preparation or presentation to the Internal Revenue Service, of an income tax return which was fraudulent or was false as to a material matter, in violation of Title 26, United States Code, Section 7206(2). That statute makes it a federal crime to willfully aid or assist in, procure, counsel, or advise the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document.

For you to find the defendant guilty of any of these counts, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

**First**, that on or about the date alleged in each count, the defendant aided or assisted in, procured, counseled, or advised the preparation or presentation of the personal income tax return or business tax return referenced in that count that was false or fraudulent as to a material matter;

**Second**, that the defendant did so with knowledge that the income tax return in question was false or fraudulent;

**Third**, that the defendant did so willfully.

A "false" statement is one that is untrue when made or effectively conceals or omits a material fact.

A "fraudulent" statement is one that is known to be untrue or is made with reckless

6

indifference as to its falsity, and is made or caused to be made with the intent to defraud.

The term "willfully" means that the defendant voluntarily and intentionally violated a known legal duty. Of course, ordinarily there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking. But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind. You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

You have also heard testimony that some expenses were only deductible because a taxpayer was operating as a *de facto* partnership. However, there is no federal law that makes an expense deductible only if it is incurred through the operation of a partnership. An expense is deductible if it relates to carrying on any trade or business, regardless of the form of the entity, be it a partnership, sole proprietorship, S-corporation, or C-corporation. The form of the trade or business has no bearing on the deductibility of a specific expense. You have also heard testimony about "safe havens" for certain deductions under the tax code. You are advised that there are no such "safe havens" under federal tax law.

Note that it is not necessary for the government to prove that any taxpayer whose returns were fraudulent or false had knowledge of the falsity of the returns. The knowledge of the taxpayer him or herself is irrelevant to the crimes with which the defendant is charged.

Note also that the good faith of the defendant is a complete defense to the crimes with

which the defendant is charged in the indictment, because good faith on the part of the defendant is, simply, inconsistent with a willful violation of the law. A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct. However, a defendant does not act in good faith if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others. While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant willfully aided or assisted in, procured, counseled, or advised the preparation to the Internal Revenue Service of income tax returns charged in this case. If the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted willfully or whether he acted in good faith, you must acquit the defendant.

Attached to these instructions you will find a Verdict Form, which lists each of the eighteen (18) counts of the indictment in numerical order. On this list is a description of each count, including the taxpayer's initials, the type of return and tax year, the filing date, and the nature and amount of the materially false statement which the government alleges was made on each return.

For each count separately listed on the Verdict Form, you must decide whether the government has proved all three of the elements of that offense.  As to each separate count, if you are convinced that the government has done so, return a guilty verdict as to that count for the defendant.  If you have a reasonable doubt about any one of these elements on a count, then you must find the defendant not guilty as to that count.

For each count, enter your verdict in the appropriate space on the Verdict Form, and proceed to the next count.

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt as to that specific count.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt as to that specific count.

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. It is your duty as jurors to consult with one another, and to deliberate with a view toward reaching agreement, if you can do so without violence to individual judgment. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.

You must decide the case for yourself, but only after an impartial consideration of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember, you are the judges of the facts. Your only interest is to seek the truth from the evidence in the case.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

If you decide that the government has proved the defendant guilty, then it will be my job

to decide what the appropriate punishment should be. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict. Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

At this time, please take the Verdict Form to the jury room and, if and when you have reached unanimous agreement as to each count, you will have your foreperson fill in, date, and sign the forms which set forth the verdict with respect to each count in the case. You will then return with your verdict to the courtroom.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION 3:07–40–H

UNITED STATES OF AMERICA

PLAINTIFF

V.

TIMOTHY J. MITTS

DEFENDANT

**VERDICT FORM**

**WE, THE JURY, FIND**

TIMOTHY J. MITTS

| Count | Taxpayer | I.R.S. Form (year) | Date Filed | Filing or Statement | VERDICT | |
|---|---|---|---|---|---|---|
| **1** | J. & R.D. | 1040X (1997) | April 17, 2001 | Decrease in Adjusted Gross Income (AGI); $193,333 | _____ GUILTY | _____ NOT GUILTY |
| **2** | R.E.C. | 1065 (1997) | May 7, 2001 | Partnership Loss; $193,933 | _____ GUILTY | _____ NOT GUILTY |
| **3** | J. & R.D. | 1040X (1998) | May 8, 2001 | Decrease in AGI; $214,769 | _____ GUILTY | _____ NOT GUILTY |
| **4** | R.E.C. | 1065 (1998) | May 7, 2001 | Partnership Loss; $214,769 | _____ GUILTY | _____ NOT GUILTY |
| **5** | J. & R.D. | 1040X (1999) | March 13, 2002 | Decrease in AGI; $267,326 | _____ GUILTY | _____ NOT GUILTY |

| | | | | | | |
|---|---|---|---|---|---|---|
| **6** | R.E.C. | 1065 (1999) | May 7, 2001 | Partnership Loss; $288,128 | _____ **GUILTY** | _____ **NOT GUILTY** |
| **7** | T. & L.H. | 1040X (2000) | April 22, 2004 | Decrease in AGI; $14,789 | _____ **GUILTY** | _____ **NOT GUILTY** |
| **8** | H.L.C. | 1065 (2000) | March 6, 2004 | Partnership Loss; $15,902 | _____ **GUILTY** | _____ **NOT GUILTY** |
| **9** | T. & L.H. | 1040X (2001) | March 9, 2004 | Decrease in AGI; $35,269 | _____ **GUILTY** | _____ **NOT GUILTY** |
| **10** | H.L.C. | 1065 (2001) | March 7, 2004 | Partnership Loss; $35,269 | _____ **GUILTY** | _____ **NOT GUILTY** |
| **11** | T. & L.H. | 1040X (2002) | March 6, 2004 | Decrease in AGI; $30,238 | _____ **GUILTY** | _____ **NOT GUILTY** |
| **12** | H.L.C. | 1065 (2002) | March 6, 2004 | Partnership Loss; $30,238 | _____ **GUILTY** | _____ **NOT GUILTY** |
| **13** | M.H. | 1040X (1998) | June 25, 2001 | Decrease in AGI; $17,466 | _____ **GUILTY** | _____ **NOT GUILTY** |
| **14** | M.H. | 1040X (1999) | June 25, 2001 | Decrease in AGI; $29,952 | _____ **GUILTY** | _____ **NOT GUILTY** |

| 15 | M.H.C. | 1065 (1999) | August 31, 2001 | Partnership Loss; $30,425 | _____ GUILTY | _____ NOT GUILTY |
| 16 | M.H. | 1040 (2000) | August 30, 2001 | Schedule E Business Loss; $26,980 | _____ GUILTY | _____ NOT GUILTY |
| 17 | M.H.C. | 1065 (2000) | August 31, 2001 | Partnership Loss; $27,252 | _____ GUILTY | _____ NOT GUILTY |
| 18 | R.H.W. | 1040 (2001) | November 21, 2002 | Other loss; $57,793<br><br>Partnership loss; $3,120 | _____ GUILTY | _____ NOT GUILTY |

_____
FOREPERSON

Date:   _____