UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:07CR-40-H

UNITED STATES OF AMERICA                                                                          PLAINTIFF

V.

TIMOTHY J. MITTS                                                                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant, Timothy J. Mitts, has filed an extensive post-trial motion containing numerous arguments for a judgment notwithstanding the guilty verdict, an arrest of judgment or, in the alternative, a new trial. The Court is well familiar with all of these issues, having dealt with many of them prior to trial and the others during trial. The Court has also reviewed the memoranda supporting and opposing the current motions. Although the Court finds no reason to overturn the jury verdict or to grant a new trial, the Court will discuss each of the issues raised briefly below.

Defendant argues that insufficient evidence was presented at trial to justify a conviction. Defendant particularly questions the nature of the evidence with respect to Counts 3 through 6 and Count 18. From Defendant's memorandum, it appears that he may still misapprehend the precise nature of the charges against him. Each count charged that Defendant had prepared an income tax return which knowingly and intentionally contained materially false and fraudulent information, namely in each case asserting the existence of partnerships which in fact did not exist. For each count, the Government produced evidence that the partnerships claimed in the

returns did not exist. Therefore, it argued that the deductions claimed were falsely and fraudulently characterized. The jury was asked to determine whether the identification of such false information in each case did constitute a violation of law. For all the reasons stated in the Government's response, the Court believes that there was more than sufficient evidence in each case to sustain the convictions which the jury produced.

Defendant also makes the somewhat unusual motion for an arrest of judgment. Such a claim appears to be justified only where (1) the indictment does not charge an offense; and (2) the Court is without jurisdiction over the offense charged. *United States v. Rosenberg*, 195 F.2d 583, 603 (2nd Cir. 1952). Neither of those circumstances are true here. Defendant's complaints about not being aware of the precise nature of the charges against him appear to miss the point. In each count Defendant is charged with falsely identifying the existence of a partnership which in fact did not exist. The Government discussed the thrust of its case on numerous occasions. And, the Government tried its case as advertised. In each case, a witness or sometimes more than one witness testified that the partnerships claimed in the tax return in fact did not exist. On the basis of this law and evidence, the Court concludes that Defendant's motion for arrest of judgment is without a sound basis.

Defendant asked for a new trial and argues in support of the motion that (1) the Howell testimony did not meet the proper purpose for Rule 404(b); (2) the prejudice of that testimony outweighed its probative value; (3) the 404(b) taxpayer testimony was improper; (4) Howell gave improper hearsay testimony; (5) the admission of an advertisement was improper; (6) that the prosecutors engaged in improper conduct in the closing argument; (7) the cumulative nature of the errors denied Defendant a fair trial; and (8) Defendant received ineffective assistance of

counsel. Several of these claims overlap. The Court will comment briefly on each.

The Court allowed and supervised Howell's testimony under the rules governing 404(b) evidence. Prior to trial, the Court gave extensive attention to these issues and explained its conclusions in a Memorandum Opinion and Order dated April 4, 2008. Howell's testimony was highly probative to issues of knowledge and intent and the absence of mistake with respect to the crimes charged. The Court gave several cautionary instructions to the jury to make sure that it used the evidence in a proper, rather than impermissible manner. Nothing at trial changed or altered the analysis from the Court's previous Memorandum Opinion.

The Government introduced the testimony of numerous taxpayers who had dealings with Defendant and whose tax returns were the subject of the specific counts in the indictment. The testimony of these individuals was essential for the Government to make its case and the Court finds no basis for an objection to it. The tax returns themselves were properly admitted.

Defendant's argues that Exhibit 193, the Mitts' classified advertisement should not have been admitted. The Court admitted the advertisement even though Defendant did not specifically identify it. The advertisement itself contained sufficient information for a foundation because Defendant recognized the telephone number and the address on the advertisement as those belonging to him. Consequently, there was sufficient information on the advertisement so that the credibility of the evidence and Defendant's response to it should go to the weight of the evidence rather than prevent its admission.

Defendant also argues that the Government attorneys committed prosecutorial misconduct during closing argument. To define prosecutorial misconduct the Court must first determine whether the alleged remarks were improper. Then, the Court must determine whether

the impropriety was so flagrant that it warrants reversal of the jury verdict.  In doing so, the Court must consider:  (1)  whether the remarks tended to mislead the jury or prejudice the accused; (2) whether they were isolated or extensive; (3) whether they were deliberately or accidentally placed before the jury; and (4) the strength of the evidence against the accused. *United States v. Carroll*, 26 F.3d 1830, 1385-86 (6th Cir. 1994).  Defendant argues that the Government's lawyers argued "propensity" and "guilt by association" based on uncharged misconduct.

      The Government certainly argued that Defendant knew exactly what he was doing because Howell had taught him how to prepare fraudulent returns.  The Government certainly argued that Defendant's use of non-existent partnerships was not a mistake because that is precisely the method which Howell taught.  The jury was never advised that Howell himself had committed similar felonies.  Moreover, the Court advised the jury on numerous occasions, including in the instructions that the jury can only consider evidence of uncharged activity for the purpose of deciding whether subsequent conduct was a mistake or part of an intentional plan to prepare fraudulent returns.  The Court believed that it was certainly relevant that the jury know that Howell had prepared fraudulent tax returns in the past and that he taught Defendant how to do the same thing.

      The Court had an opportunity to view the entire trial, the evidence presented and the conduct of counsel.  The Court finds no reason to suggest that Defendant received ineffective assistance of counsel.  The fact of the matter is that the Government presented overwhelming evidence that Defendant prepared tax returns which contained false information, that is that partnerships existed which in fact did not exist.  The evidence that this information was false and

4

fraudulent and that Defendant used this technique wilfully and intentionally was overwhelming. Consequently, the resulting guilty verdicts were not surprising.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's various motions for a judgment of acquittal, for an arrest of judgment or for a new trial on any and all grounds presented are each DENIED.

cc: Counsel of Record