UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:07-CR-40-H

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | |
| TIMOTHY J. MITTS | DEFENDANT |

**MEMORANDUM OPINION AND ORDER**

On June 13, 2008, a jury found Timothy Mitts ("Defendant") guilty of 18 counts of aiding or assisting in the preparation of false or fraudulent tax returns in violation of 26 U.S.C. § 7206(2). Since his sentencing on July 6, 2009, Defendant has filed numerous motions contesting his conviction. The most serious of these is that the jury convicted him of crimes inconsistent with the indictment charged. Defendant also argues for a new trial on the grounds that the Court precluded him from entering evidence that some of the deductions on the tax forms he helped prepare were allowable, albeit claimed for the wrong reason.[1] Finally, Defendant argues that the Court erred in several ways, primarily by allowing the testimony of Duane Howell and by allowing the government to use this and other testimony improperly.

The Court takes these arguments very seriously and has considered them carefully. Ultimately, none raise doubts as to the fairness of the trial or correctness of the result.

I.

Defendant's arguments regarding constructive amendment and variance are somewhat unclear. Defendant seems to argue that while claiming deductions from a sham transaction for a

---

[1] The Court dealt with the issue of tax loss, and Defendant was allowed to introduce evidence of the loss, at the sentencing phase.

legitimate partnership is an offense under 26 U.S.C. § 7206(2), claiming deductions for a partnership that does not exist is not an offense under that section. He then argues that convicting him for aiding in the preparation of deductions for nonexistent partnerships constituted a constructive amendment of the indictment. The Court has found no law to support this argument. Instead, this Court has no doubt that to claim deductions for a nonexistent partnership constitutes a fraud as to a material matter on a tax return and, thus, is one way to violate § 7206(2). *See United States v. Helmsley*, 941 F.2d 71, 93 (2nd Cir. 1990).

The indictment alleged that Defendant assisted in preparing returns:

> "which were false and fraudulent as to material matters, in that the tax returns misrepresented and under-reported taxes owed by said taxpayers, resulting in whole or in part from certain business deductions and expenses, including but not limited to partnership losses, business expenses, and other ordinary losses; whereas the defendant then and there knew and believed the taxpayers whose names appear on the returns set forth below were not entitled to those business deductions and expenses, and therefore, owed substantially more taxes for the years specified."

The jury instructions in turn required the jury to find "the defendant aided or assisted in, procured, counseled, or advised the preparation or presentation of the personal income tax return or business tax return referenced in [the indictment] that was false or fraudulent as to a material matter" in order to find the Defendant guilty. The instructions also required the jury to find that Defendant did so willfully and with knowledge in order to convict.

Here the indictment included all the elements of the offense of aiding or assisting in the preparation of a false tax return. The jury received no instructions regarding offenses other than those contained within the indictment, and the conduct specified within the indictment constituted an offense under the statute. Thus, reading the indictment and the jury instructions

2

demonstrates that the jury convicted Defendant of the charges actually set forth in the indictment, not some other crime not contained in the indictment.

II.

Defendant argues that he should have been allowed to present evidence that the deductions would have otherwise been allowable. In essence, he claims that while he assisted in preparing returns that attributed certain deductions to partnerships that did not exist, so long as the taxpayer could have taken the deduction in some other form, he did not violate § 7206(2). Defendant's argument, however, has no legal merit. Merely by willfully attributing a deduction to an entity Defendant knew did not exist, and thus was not entitled to take any deductions, Defendant violated § 7206(2). *Helmsley*, 941 F.2d at 93 (2nd Cir. 1990) ("In the context of Section 7206(2) 'false and fraudulent' may mean mischaracterizing deductions as well as overstating them."); *U.S. v. Bliss*, 735 F.2d 294, 301 (8th Cir. 1984). Therefore, any evidence that the fraudulent tax return did not result in an actual tax loss is not a defense to an alleged violation of § 7206(2).

In theory, as defense to charges, Defendant might argue that he believed that the partnerships either existed or existed constructively. Other than Defendant's own testimony, none of the testimony actually supported such a theory. And, the jury did not appear to give any credence to this suggestion. The evidence was absolutely clear that Defendant assigned deductions to nonexistent partnerships and even filed tax returns on behalf of them. This evidence constituted overwhelming evidence of guilt on the charges contained in the indictment.

3

III.

Defendant objects to various evidentiary rulings and the government's use of that evidence at trial.

The testimony of Duane Howell was relevant to show that Defendant's actions were not due to some mistake or misunderstanding, rather due to an actual plan of fraud which Howell taught. Of course, this testimony was highly prejudicial, but, if believed, it was not unfairly so. Defendant had every opportunity to discredit Howell. However, as to this specific testimony, he was unable to do so.

The government brought forth a number of the taxpayers to testify that the partnerships that Defendant claimed did not exist and that the deductions claimed were generally not related to any business. Also, their testimony made clear that Defendant did not inquire about the business purpose for any particular expense. This testimony was relevant in every respect. On Defendant's motion, the Court limited the amount of it.

Defendant makes an argument that he was unable to discover or use records showing that the Internal Revenue Service had approved many of the tax returns in question. However, that the IRS may have approved some of the returns has no relevance to the fraudulent nature of the actual returns. Therefore, even if Defendant did not obtain these materials, which is not clear at all, he was not deprived of any evidence which might have helped his defense.

Defendant has raised many issues concerning his prosecution and conviction. However, none of them suggest the violation of his fundamental constitutional rights or for that matter any unfairness. The Court was most solicitous in allowing many (probably too many) extensions of time prior to sentencing and by providing Defendant with assistance of counsel, even against

Defendant's protests. Defendant has had over a year during which to prepare for his sentencing and incarceration. The Court sees no reason under the law to permit his release during the appeals.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to vacate the verdict is DENIED.

IT IS FURTHER ORDERED that Defendant's motion for a new trial is DENIED.

IT IS FURTHER ORDERED that Defendant's motion to grant release pending appeal is DENIED.

All other motions are DENIED AS MOOT.

August 14, 2009

John G. Heyburn II, Judge
United States District Court

cc:    Timothy J. Mitts, *Pro Se*
       Counsel of Record